MARY KATE SULLIVAN (State Bar No. 180203)
LASZLO LADI (State Bar No. 265564)
ll@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
NATIONSTAR MORTGAGE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| JANET RUTH JENDERJACK,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>NATIONSTAR MORTGAGE, LLC; and DOES 1-20, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-01508-JAM-CKD<br><br>**NOTICE OF MOTION AND NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS**<br><br>Date:　　December 11, 2013<br>Time:　　9:30 a.m.<br>Crtrm.:　6, 14th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 11, 2013 at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 14th floor of the above-entitled Court, located at 501 I Street, Room 4-200 Sacramento, CA 95814, defendant Nationstar Mortgage, LLC ("Nationstar") will and hereby does move for an order dismissing Nationstar from the Complaint filed by plaintiff Janet Ruth Jenderjack ("Plaintiff").

This motion is made pursuant to Rule 12(b)(6) and is based on the grounds that the Complaint and each of its causes of action fails to state a claim against Nationstar upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this notice of motion and motion, the memorandum of points and authorities and request for judicial notice filed herewith, the Complaint and all other pleadings and records on file in this action, and upon such other argument as the Court may consider at the

hearing on this motion.

DATED: October 31, 2013          Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:  _____*/s/ Laszlo Ladi*_____
            Laszlo Ladi

Attorneys for Defendant NATIONSTAR MORTGAGE, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Janet Ruth Jenderjack ("Plaintiff") filed suit against Nationstar Mortgage, LLC ("Nationstar") in Sacramento County Superior Court on May 16, 2013.  Nationstar removed the matter to this Court based on diversity jurisdiction on July 25, 2013.  After removal, the parties stipulated a number of times to stay the litigation while Nationstar considered Plaintiff for a loan modification.  However, the parties were unable to resolve the matter through a loan modification review and Nationstar now addresses the Complaint.  The Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because each cause of action against Nationstar fails to state a claim upon which relief can be granted.

In short, Plaintiff alleges that Nationstar engaged in dual tracking in violation of California's Homeowners' Bill of Rights ("HBR") when a foreclosure notice was recorded after Plaintiff submitted a loan modification application.  However, the HBR does not apply to the Loan.  Moreover,  Plaintiff admits facts that defeat her own claims.  Specifically, Nationstar told her the application was incomplete before the foreclosure notice was recorded.  As the HBR only prohibits the recording of a foreclosure notice if a complete application is submitted (as determined by the servicer, not the borrower), Plaintiff has not and cannot state a claim.  Moreover, any alleged violation (if it exists) has been corrected by Nationstar's review of Plaintiff for a loan modification after the Complaint was filed and while litigation was stayed.

For these reasons, and as more fully explained below, Nationstar respectfully requests that the Complaint be dismissed with prejudice.

## II.  FACTUAL BACKGROUND

On or about March 24, 2005, Plaintiff obtained a loan for $240,000 from Wilmington Finance (the "Loan").  Request for Judicial Notice ("RJN") Ex. A.  The Loan was secured by a deed of trust (the "Deed of Trust") recorded against real property commonly known as 8712 Woodman Way, #F, Sacramento, California 95826 (the "Property").  *Id*.   On March 31, 2005, Wilmington Finance assigned the Deed of Trust to MorEquity, Inc ("MorEquity").  RJN Ex. B. Nationstar is the Loan's servicer.  See Complaint ("Compl.") ¶ 3.

1    On January 29, 2013, Plaintiff alleges she submitted a loan modification application to
2 Nationstar.  Compl ¶ 10; Compl. Ex. A.  On February 7, 2013, Nationstar acknowledged receipt of
3 the application.  Compl. ¶ 12; Compl Ex. C.  On February 19, 2013, Plaintiff's agent contacted
4 Nationstar and was allegedly told the application was under review.  Compl. ¶ 13.  Again, on
5 March 4, 2013, Plaintiff's agent contacted Nationstar, but was now told that two documents were
6 missing: (1) the second page of Plaintiff's tax return; and (2) a statement of disability benefits.
7 Compl. ¶ 14.  Plaintiff alleges that, in response, she faxed those documents on the same day.  *Id*.

8    On March 18, 2013, Plaintiff alleges her agent spoke with Nationstar and was told the
9 recent documents were submitted to underwriting and no additional documents were requested at
10 the time.  Compl. ¶ 16.  On April 7, 2013, Nationstar sent Plaintiff a letter informing her that her
11 application was incomplete because Plaintiff still needed to provide an award letter of benefits
12 statement.  Compl. ¶ 18; Compl. Ex. D.

13    On April 10, 2013, Nationstar, as attorney in fact for MorEquity, executed a substitution of
14 trustee, substituting Sage Point Lender Services, LLC ("Sage Point") as trustee under the Deed of
15 Trust.  RJN Ex. C.  Also on April 10, 2013, Sage Point recorded a notice of default (the "Notice of
16 Defualt").  RJN Ex. D.

17    Plaintiff filed this action on May 16, 2013 and Nationstar removed it to this Court on July
18 25, 2013.  *See* Notice of Removal [dkt. no. 1].  Following removal to this Court, Nationstar and
19 Plaintiff stipulated to stay the litigation while Nationstar evaluated Plaintiff for a loan
20 modification.  *See* Joint Stipulation and Request to Stay Litigation, filed July 30, 2013 [dkt no. 6];
21 Joint Stipulation and Request to Stay Litigation, filed October 15, 2013 [dkt no. 9].

22                              **III.  LEGAL STANDARD**

23    To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil
24 Procedure, a complaint must contain "enough facts to state a claim to relief that is plausible on its
25 face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *id*. at 554–56, 562–63 (stating
26 that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in
27 support of his claims that would entitle him to relief "has been questioned, criticized, and
28 explained away long enough," and that having "earned its retirement," it "is best forgotten as an

1  incomplete, negative gloss on an accepted pleading standard"). Thus, the facts pleaded in the
2  complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the
3  elements of a cause of action." *Id*. at 555. Instead, the "[f]actual allegations must be enough to
4  raise a right to relief above the speculative level on the assumption that all the allegations in the
5  complaint are true (even if doubtful in fact)." *Id*. (internal citation omitted). Dismissal may be
6  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to
7  support cognizable legal theories. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th
8  Cir.1990).

9   The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v.
10  Flynn*, 744 F.2d 694, 696 (9th Cir.1984). The court construes the pleading in the light most
11  favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.
12  Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). General allegations are presumed to include
13  specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561
14  (1992).

15   The court may disregard allegations contradicted by the complaint's attached exhibits.
16  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987); *Steckman v. Hart Brewing,
17  Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998). Furthermore, the court is not required to accept as
18  true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266
19  F.3d 979, 988 (9th Cir.2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th
20  Cir.1987)). The court may consider matters of public record, including pleadings, orders, and
21  other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th
22  Cir.1986). "[T]he court is not required to accept legal conclusions cast in the form of factual
23  allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult
24  Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). Nor need the court accept unreasonable
25  inferences, or unwarranted deductions of fact. *Sprewell*, *supra*, at 988.

26 **IV.  ARGUMENT**

27   Both of Plaintiff's causes of action concern the same alleged conduct. Plaintiff avers that
28  she submitted a complete loan modification application that was under review and therefore the

11951.0207/2918822.2                3
NOTICE OF MOTION AND NATIONSTAR MORTGAGE, LLC'S MOTION TO DISMISS

1  Notice of Default was recorded in violation of the HBR (specifically, Civil Code sections
2  2923.6(c) and 2924.18(a)(1)).  Compl. ¶ 8; Compl. ¶ 20.  Both of these sections state that if a
3  borrower submits a **complete** first lien loan modification application, then a servicer, trustee, or
4  other authorized party is prohibited from recording a notice of default, notice of sale, or
5  conducting a trustee's sale until the application is denied (and all appeal opportunities are
6  exhausted), or the borrower fails to accept a loan modification offer.  Cal. Civ. Code § 2923.6(c);
7  Cal. Civ. Code § 2924.18(a)(1).  Both sections defined "complete" as "when a borrower has
8  supplied the mortgage servicer with **all documents required by the mortgage servicer** within the
9  reasonable timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h) (emphasis
10 added); Cal. Civ. Code § 2924.18(d).

**A.     The HBR Does Not Apply Retroactively to the Loan.**

12       First, both of Plaintiff's causes of action fail because the HBR (including Civil Code
13 sections 2923.6(c) and 2924.18(a)(1)) does not apply to the Loan.  The HBR and sections at issue
14 were enacted on January 1, 2013.  *See* Cal. Civ. Code § 2923.6, as amended by Stats. 2012, c. 86
15 (A.B. 278), § 7, and Stats. 2012, c. 86 (S.B. 900), § 7.); Cal. Civ. Code § 2924.18, as added by
16 Stats. 2012, c. 86 (A.B. 278), § 21, and Stats. 2012, c. 86 (S.B. 900), § 21.  Here, the Loan was
17 originated in 2005.  RJN Ex. A.  Because the HBR materially affects a lender's contractual right of
18 enforcement upon a borrower's default and was enacted after the loan was originated, the HBR
19 cannot apply to the Loan.

20       "[T]he laws which subsist at the time and place of the making of a contract, and where it is
21 to be performed, enter into and form a part of it, as if they were expressly referred to or
22 incorporated in its terms.  This principal embraces alike those which affect its validity,
23 construction, discharge or enforcement.…  Nothing can be more material to the obligation than the
24 means of enforcement.…  The ideas of validity and remedy are inseparable, and both are parts of
25 the obligation, which is guaranteed by the Constitution against invasion."  *Brown v. Ferdon*, 5
26 Cal.2d 226, 230 (1936), quoting *Von Hoffman v. City of Quincy*, 4 Wall. 535, 550 (1866).

27       "The remedy, where it affects substantial rights, is included in the term 'obligation of
28 contract,' and the remedy cannot be altered as to materially impair such obligations."  *Ibid*.

1   (citations omitted).  And "when the exercise of the reserved power of the State, in order to meet
2   public need because of a pressing public disaster, relates to the enforcement of existing contracts,
3   that action must be limited by reasonable conditions appropriate to the emergency."  *Id*. at 233,
4   quoting *Worthen v. Thomas*,  292 U.S. 426 (1934).  "[W]hile economic necessity may furnish the
5   reason for the passage of a law by the legislature, that necessity will not place it beyond the reach
6   of the constitutional guaranties concerning the obligations of contract."  *Id*. at 230.

7   In *Brown*, the California Supreme Court addressed the issue as to whether Civil Code
8   section 2924 1/2, which was passed in 1933, applied to a note and deed of trust that were executed
9   in 1930.  *Brown*, 5 Cal.2d at 229.  At the time of *Brown*, a loan's beneficiary could require the
10  foreclosure trustee to sell the property in satisfaction of the debt after three months' notice.  The
11  beneficiary could then sue the debtor and obtain a judgment for any deficiency remaining after
12  crediting the proceeds of the sale upon the indebtedness."  *Id*. at 231.  As stated in *Brown*, if Civil
13  Code section 2924 1/2 was applied retroactively, "the right to a deficiency judgment has either
14  been entirely taken away from the creditor, or he must wait an additional period of nine months
15  before he may have judgment."  *Ibid*.

16  In ruling that Section 2924 1/2 did not retroactively apply to the loan as it was originated
17  before its passage, the *Brown* Court noted that the State may modify the remedy to enforce the
18  con-tract, but must do so without impairing the obligation of the contract.  *Id*. at 231 ("it is
19  competent for the States to change the form of the remedy, or to modify it otherwise, as they may
20  see fit, provided no substantial right secured by the contract is thereby impaired.").  However, as
21  the provisions of Section 2924 1/2, among other things, "fixe[d] no conditions whatever for its
22  operation," "give[s] relief to every debtor, irrespective of the amount of the indebtedness, the
23  condition of the security or his need for additional time," "imposes no condition upon the debtor in
24  connection with the use and occupation of the property," "gives a debtor a preference without any
25  consideration of the rights of the creditor," and "is granted without reference to individual
26  circumstances," the Court in *Brown* ruled that Section 2924 1/2 "would work a change in the
27  substantive rights of the creditor under the guise of a change in remedy" and, therefore, cannot
28  apply to the loan at issue.  *Id*. at 234–236.

1        Similar rulings are found in *Hales v. Snowden*, 19 Cal.App.2d 366 (1937) and *Barnitz v. Beverly*, 163 U.S. 118 (1896). In *Hales*, the Court ruled that the anti-deficiency legislation codified in Code of Civ. Proc. § 580b cannot apply to the loan as the loan was originated prior to the passage of Section 580b. In *Barnitz*, the Court held that a statute which authorized the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed or which extends the period of redemption behind the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage.

        Here, as in *Brown*, *Hales*, and *Barnitz*, the HBR materially changes the lender's enforcement rights pursuant to the terms of the loan agreement under the guise of a change in remedy.

        For example, *Brown* and *Barnitz* showed concern over an additional nine month delay in a creditor's right to seek a deficiency judgment and an extended redemption period, respectively. Similarly, HBR imposes requirements on the lender or its servicer that will inevitably result in a far longer delay to the lender's right to non-judicially foreclose. *See*, *e.g.*, Civ. Code § 2923.6(c) (the foreclosure process must be stayed pending a modification review upon the borrower's submission of a "complete application."); *see also* Civ. Code § 2923.6(e)(1) (lender cannot proceed with the foreclosure process until 31 days after a written modification denial is provided to the borrower); Civ. Code § 2923.6(e)(2) (if the borrower appeals the modification denial, the lender cannot proceed with the foreclosure process until the later of 15 days after the appeal is denied or 14 days after a modification is offed but declined by the borrower or, assuming a modification is agreed to by the borrower, the date in which the borrower fails to timely submit the first payment due under the modification); Civ. Code § 2924(a)(5) (lender must send written notice of a continued foreclosure sale date if the sale was postponed for a period longer than 10 days); Civ. Code § 2924.10 (written acknowledgments must be sent to the borrower upon each submission of financial information).

        Moreover, the HBR mandates that the servicer conduct a modification review when no such obligation was required under the loan agreement. *See*, *e.g.*, Civ. Code §§ 2923.6, 2924.18(a). Also, and assuming a "complete" modification packet is submitted by the borrower, a

1 lender is required to postpone the contractually authorized foreclosure process and conduct a
2 complete review irrespective of the amount of the indebtedness, the condition of the security or the
3 actual need for additional time.  *See Brown*, 5 Cal.2d at 234–236; *see also* Civ. Code § 2924.18(a).
4       The HBR also "imposes no condition upon the debtor in connection with the use and
5 occupation of the property," such as a monthly payment.  *Id.* at 234–236.  To the contrary, the
6 HBR prevents the lender from exercising its contractual right to charge late fees while a
7 modification review is pending on a loan that is undisputedly in default.  *See* Civ. Code
8 § 2924.11(f) (servicer cannot collect late fees during a pending modification review).  In other
9 words, the HBR directly prevents the lender from exercising its right under the loan agreement to
10 charge late fees.
11       Under well settled rules in California, the HBR cannot apply to the loan because (1) the
12 contract was entered into prior to January 1, 2013; (2) the HBR was neither entered into the loan
13 agreement, formed as a part of the agreement, nor expressly referred to or incorporated in the loan
14 agreement's terms; and (3) as set forth above, the HBR materially affects a lender's right to
15 enforce the terms of the note and deed of trust to such an extent that it impairs the "obligation of
16 the contract."  Therefore, Plaintiff cannot state a claim for violation of the HBR under Civil Code
17 sections 2923.6(c) and 2924.18 as a matter of law.

18 **B.     Plaintiff Admits that Nationstar Told Her the Application Was Incomplete and Therefore Nationstar Did Not Violate the HBR's Dual Tracking Provisions.**
19

20       Second, both of Plaintiff's causes of action fail because she admits facts that defeat her
21 claim.  Plaintiff alleges she submitted a complete loan modification application on January 29,
22 2013 and which is attached to the Complaint as Exhibit B.  Compl. ¶¶ 10, 11; Compl. Ex. B.
23 However, whether an application is complete is not determined by the borrower.  As stated above,
24 the definition of complete is "when a borrower has supplied the mortgage servicer with **<u>all</u>**
25 **<u>documents required by the mortgage servicer</u>** within the reasonable timeframes specified by the
26 mortgage servicer." Cal. Civ. Code § 2923.6(h) (emphasis added); Cal. Civ. Code § 2924.18(d)
27 (emphasis added).  Thus, the servicer determines when the application is complete.  On a motion
28 to dismiss, the Court need not accept unreasonable inferences, or unwarranted deductions of fact.

1  *Sprewell*, *supra*, at 988.  Plaintiff's allegation that her application was complete is such a
2  conclusion of fact that the Court need not accept.
3    In fact, Plaintiff admits that Nationstar told her twice that her application was incomplete.
4  On March 4, 2013, Nationstar told Plaintiff that she was missing the second page of her 1040 tax
5  return and proof of her disability income benefits.  Compl. ¶ 14.  Although Plaintiff alleges she
6  sent these in, Nationstar again requested Plaintiff's proof of disability income benefits via letter
7  dated April 7, 2013.  Compl. ¶ 18; Compl. Ex. A.  The proof of disability income benefits that
8  Plaintiff included in her purportedly "complete" loan modification application was only effective
9  from October 29, 2012 until January 31, 2013.  See Compl. Ex. A. at pp. 33–36.  Plaintiff
10 submitted her application on January 29, 2013, a mere two days before her proof of income
11 expired.  Therefore, Nationstar was justified in asking Plaintiff **twice** to submit proof of her
12 disability income.
13   As a result, the Court should disregard Plaintiff's conclusory statement that she submitted
14 a complete loan modification application.  Plaintiff is not entitled to make that determination.
15 Therefore, because Plaintiff has not established she submitted a complete loan modification
16 application (as defined by the HBR and determined by Nationstar), the recording of the Notice of
17 Default was not a violation of Civil Code sections 2923.6(c) and 2924.18(a)(1).

18 **C.    Alternately, Nationstar Has Corrected or Remedied Any Purported Violation by Reviewing Plaintiff for a Loan Modification.**
19

20   Although, as discussed above, Nationstar contends that Plaintiff has not stated a claim for
21 any violation of the HBR, alternatively, Nationstar has corrected and remedied any alleged violation
22 when it reviewed Plaintiffs for a loan modification.  Under California Civil Code section 2924.19,
23 a servicer is not liable for any violation that has been corrected and remedied prior to the recording
24 of the trustee's deed upon sale.  Cal. Civ. Code § 2924.19(c).  Here, no trustee's deed has recorded
25 and no notice of trustee's sale has been recorded.  Following removal to this Court, Nationstar and
26 Plaintiff stipulated to stay the litigation while Nationstar evaluated Plaintiff for a loan
27 modification.  *See* Joint Stipulation and Request to Stay Litigation, filed July 30, 2013 [dkt no. 6];
28 Joint Stipulation and Request to Stay Litigation, filed October 15, 2013 [dkt no. 9].  While no

modification resulted and this action was not resolved through this review, Plaintiff was given a loan modification review while the litigation was stayed. The HBR does mandate a particular outcome or guarantee a loan modification to Plaintiff. *See Mabry v. Superior Court*, 185 Cal.App.4th 208, 214 (2010) (Civil Code section 2923.5 does not require "the lender to rewrite or modify the loan," and Civil Code section 2923.6 does not compel loan modifications, but "merely expresses the hope that lenders will offer loan modifications on certain terms."). Instead, the HBR only provides for a loan modification review. Under Civil Code section 2923.5, the *Mabry* court ruled that a plaintiff's remedy, for a claim that a servicer did not comply with loss mitigation requirements before a recording a notice of default, is strictly confined to postponement of the sale until the servicer complies with the statute. *Id.* at 231. Similarly, here, because Plaintiff has now been given a loan modification review, Plaintiff's allegations that she was not given a review before the foreclosure commenced are now moot. Consequently, the Court should grant Nationstar's Motion to Dismiss with prejudice.

## V.  CONCLUSION

As stated above, Plaintiff's two causes of action fail because the HBR does not apply to the Loan. Moreover, Plaintiff admits that Nationstar told her the loan modification application she submitted was incomplete. Therefore, the recording of the Notice of Default was not a violation of the HBR's anti-dual tracking provisions. Moreover, Plaintiff has now been a given a loan modification review and has no further available remedy. Based on these arguments, Nationstar respectfully requests the Court grant it's Motion to Dismiss with prejudice.

DATED:  October 31, 2013

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: _____*/s/ Laszlo Ladi*_____
       Laszlo Ladi

Attorneys for Defendant NATIONSTAR MORTGAGE, LLC